# EXHIBIT 1

## ALLONGE

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated August 21, 2012 executed by Bonus Taxi Inc. in favor of the Seller in the principal amount of $1,200,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

> "Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated August 21, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

Tri Global Financial Services, Inc.


By:    Capital One Equipment Finance Corp., its
authorized signatory

By: _____
       Name: Michael P. Robinson
       Title: Vice President


Bonus Taxi Inc. – Allonge

**$1,200,000.00**                    PROMISSORY NOTE                    Medallions: <u>SEE SCHEDULE A</u>
                                                                        2346, 1949, 1907, 1683, 1632

     **FOR VALUE RECEIVED**, the undersigned, **BONUS TAXI INC.**, located at 2617 S. WABASH AVE., CHICAGO IL 60616-0000, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of <u>**ONE MILLION TWO HUNDRED THOUSAND AND 00/100 DOLLARS**</u> **($1,200,000.00)**, with interest thereon to be computed and paid from the date of funding until September 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of September, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$3,750.00** commencing and due and payable on the 1st day of October, 2012 and on the 1st day of each month thereafter to and including September 1, 2015. On September 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

     If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

     Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

     Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

     Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

     It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

# REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                    **BONUS TAXI INC.**

_____          By: _____
                                            Symon Garber,
                                            PRESIDENT, SECRETARY,
                                            SHAREHOLDER & INDIVIDUAL
                                            GUARANTOR


STATE OF                    )
COUNTY OF                   )ss:

On **August 21, 2012** before me personally came Symon Garber to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.

_____
Signature and Office of Individual Taking Acknowledgment
EUGENE F. HABER
Notary Public, State of New York
No. 02HA4503331
Qualified in Nassau County
Commission Expires February 28, 2014

# EXHIBIT 2

## ALLONGE

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated July 30, 2012 executed by Chicago Polo I, Inc. in favor of the Seller in the principal amount of $1,440,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

"Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated July 30, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

Tri Global Financial Services, Inc.

By:    Capital One Equipment Finance Corp., its authorized signatory

By: _____
    Name: Michael P. Robinson
    Title: Vice President

Chicago Polo I, Inc. – Allonge

30208521v2

$1,440,000.00                PROMISSORY NOTE

Medallions: SEE SCHEDULE A
1106, 2550, 6607, 6608, 6609,
6610

FOR VALUE RECEIVED, the undersigned, **CHICAGO POLO I, INC.**, located at 2617 S. Wabash Avenue, Chicago, IL 60616, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of **ONE MILLION FOUR HUNDRED FOURTY THOUSAND AND 00/100 DOLLARS ($1,440,000.00)**, with interest thereon to be computed and paid from the date of funding until August 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of August, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$4,500.00** commencing and due and payable on the 1st day of September, 2012 and on the 1st day of each month thereafter to and including August 1, 2015. On August 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

-1-

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

# REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                    **CHICAGO POLO I, INC.**

_____          By: _____
                                         Symon Garber,
                                         PRESIDENT, SECRETARY,
                                         SHAREHOLDER & INDIVIDUAL
                                         GUARANTOR


STATE OF NEW YORK      )
COUNTY OF NEW YORK   )ss.:

    On July 30, 2012 before me personally came Symon Garber to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.

_____
Signature and Office of Individual Taking Acknowledgment
EUGENE F. HABER
Notary Public, State of New York
No. 02HA4503331
Qualified in Nassau County
Commission Expires February 28, 2014

-3-

# EXHIBIT 3

<u>ALLONGE</u>

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated July 30, 2012 executed by Chicago Polo II, Inc. in favor of the Seller in the principal amount of $1,440,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

> "Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated July 30, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

<div align="center">

Tri Global Financial Services, Inc.

</div>

By:    Capital One Equipment Finance Corp., its authorized signatory

By: _____

Name:  Michael P. Robinson
Title:  Vice President

<div align="center">

Chicago Polo II, Inc. – Allonge

</div>

**$1,440,000.00**                    <u>PROMISSORY NOTE</u>

Medallions: <u>SEE SCHEDULE A</u>
6611, 6616, 6615, 6614, 6613, 6612

     **FOR VALUE RECEIVED**, the undersigned, **CHICAGO POLO II, INC.**, located at 2617 S. Wabash Avenue, Chicago, IL 60616, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of <u>**ONE MILLION FOUR HUNDRED FOURTY THOUSAND AND 00/100 DOLLARS**</u> (**$1,440,000.00**), with interest thereon to be computed and paid from the date of funding until August 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of August, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$4,500.00** commencing and due and payable on the 1st day of September, 2012 and on the 1st day of each month thereafter to and including August 1, 2015. On August 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

     If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

     Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

     Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

     Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

     It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

<div align="center">-1-</div>

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                        CHICAGO POLO II, INC.

_____              By: _____
                                            Symon Garber,
                                            PRESIDENT, SECRETARY,
                                            SHAREHOLDER & INDIVIDUAL
                                            GUARANTOR


STATE OF NEW YORK        )
                         )SS.:
COUNTY OF NEW YORK       )


On **July 30, 2012** before me personally came Symon Garber to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.


                                    _____
                                    Signature and Office of Individual Taking Acknowledgment
                                    EUGENE F. HABER,
                                    Notary Public, State of New York
                                    No. 02HA4503331
                                    Qualified in Nassau County
                                    Commission Expires February 28, 2014


-3-

# EXHIBIT 4

<u>ALLONGE</u>

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated July 30, 2012 executed by Chicago Polo III, Inc. in favor of the Seller in the principal amount of $1,440,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

> "Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated July 30, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

Tri Global Financial Services, Inc.

By:    Capital One Equipment Finance Corp., its authorized signatory

By: _____
    Name: Michael P. Robinson
    Title: Vice President

Chicago Polo III, Inc. – Allonge

30208538v2

**$1,440,000.00**                    <u>PROMISSORY NOTE</u>

Medallions: <u>SEE SCHEDULE A</u>
6267, 6279, 6220, 6208, 5414,
1128

     **FOR VALUE RECEIVED**, the undersigned, **CHICAGO POLO III, INC.**, located at 2617 S. Wabash Avenue, Chicago, IL 60616, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of **ONE MILLION FOUR HUNDRED FOURTY THOUSAND AND 00/100 DOLLARS** (**$1,440,000.00**), with interest thereon to be computed and paid from the date of funding until August 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS** (3.75%) percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of August, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$4,500.00** commencing and due and payable on the 1st day of September, 2012 and on the 1st day of each month thereafter to and including August 1, 2015. On August 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

     If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

     Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

     Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

     Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

     It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                              **CHICAGO POLO III, INC.**

_____               By: _____
                                                          Symon Garber,
                                                          PRESIDENT, SECRETARY,
                                                          SHAREHOLDER & INDIVIDUAL
                                                          GUARANTOR


STATE OF NEW YORK      )
COUNTY OF NEW YORK   )ss.:

    On **July 30, 2012** before me personally came Symon Garber to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.

_____
Signature and Office of Individual Taking Acknowledgment
EUGENE F. HABER
Notary Public, State of New York
No. 02HA4503331
Qualified in Nassau County
Commission Expires February 28, 2014

# EXHIBIT 5

## ALLONGE

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated July 30, 2012 executed by Chicago Polo IV, Inc. in favor of the Seller in the principal amount of $1,440,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

"Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated July 30, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

                    Tri Global Financial Services, Inc.


            By:    Capital One Equipment Finance Corp., its
                   authorized signatory

            By:    _____
                   Name: Michael P. Robinson
                   Title: Vice President


Chicago Polo IV, Inc. – Allonge

30208549v2

$1,440,000.00          <u>PROMISSORY NOTE</u>

Medallions: <u>SEE SCHEDULE A</u>
2848, 3454, 3678, 3700, 5795, 6014

FOR VALUE RECEIVED, the undersigned, **CHICAGO POLO IV, INC.**, located at 2617 S. Wabash Avenue, Chicago, IL 60616, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of <u>**ONE MILLION FOUR HUNDRED FOURTY THOUSAND AND 00/100 DOLLARS**</u> ($1,440,000.00), with interest thereon to be computed and paid from the date of funding until August 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of August, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$4,500.00** commencing and due and payable on the 1st day of September, 2012 and on the 1st day of each month thereafter to and including August 1, 2015. On August 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

-1-

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                    **CHICAGO POLO IV, INC.**

_____       By: _____
                                                 Symon Garber,
                                                 PRESIDENT, SECRETARY,
                                                 SHAREHOLDER & INDIVIDUAL
                                                 GUARANTOR


STATE OF NEW YORK        )
COUNTY OF NEW YORK     )ss.:

    On **July 30, 2012** before me personally came Symon Garber to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.

                                        _____
                                        Signature and Office of Individual Taking Acknowledgment
                                        EUGENE F. HABER
                                        Notary Public, State of New York
                                        No. 02HA4503331
                                        Qualified in Nassau County
                                        Commission Expires February 28, 2014

-3-

# EXHIBIT 6

## ALLONGE

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated August 21, 2012 executed by Chicago Polo XII, Inc. in favor of the Seller in the principal amount of $960,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

> "Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated August 21, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

Tri Global Financial Services, Inc.


By:    Capital One Equipment Finance Corp., its
       authorized signatory

By: _____
       Name: Michael P. Robinson
       Title: Vice President


Chicago Polo XII, Inc. – Allonge

30208556v2

$960,000.00    <u>PROMISSORY NOTE</u>    Medallions: <u>SEE SCHEDULE A</u>
1535, 1550, 1589, 1599

FOR VALUE RECEIVED, the undersigned, **CHICAGO POLO XII, INC.**, located at 2617 S. WABASH AVE., CHICAGO IL 60616-0000, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of **NINE HUNDRED SIXTY THOUSAND AND 00/100 DOLLARS ($960,000.00)**, with interest thereon to be computed and paid from the date of funding until September 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of September, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$3,000.00** commencing and due and payable on the 1st day of October, 2012 and on the 1st day of each month thereafter to and including September 1, 2015. On September 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

-1-

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                      CHICAGO POLO XII, INC.

_____      By: _____
                                             Symon Garber,
                                             PRESIDENT, SECRETARY,
                                             SHAREHOLDER & INDIVIDUAL
                                             GUARANTOR


STATE OF           )
COUNTY OF          )ss.:

    On **August 21, 2012** before me personally came Symon Garber to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.

                                 _____
                                 Signature and Office of Individual Taking Acknowledgment
                                 EUGENE F. HABER
                                 Notary Public, State of New York
                                 No. 02HA4503331
                                 Qualified in Nassau County
                                 Commission Expires February 28, 2014

-3-

# EXHIBIT 7

<u>ALLONGE</u>

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated August 21, 2012 executed by Dolfina Taxi Inc. in favor of the Seller in the principal amount of $960,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

"Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated August 21, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

Tri Global Financial Services, Inc.

By: Capital One Equipment Finance Corp., its
authorized signatory

By: _____
Name: Michael P. Robinson
Title: Vice President

Dolfina Taxi Inc. – Allonge

30208576v2

$960,000.00           <u>PROMISSORY NOTE</u>        Medallions: <u>SEE SCHEDULE A</u>
                                                                             6461, 5756, 5313, 2460

          FOR VALUE RECEIVED, the undersigned, **DOLFINA TAXI INC.**, located at 2617 S. WABASH AVE., CHICAGO IL 60616-0000, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of **<u>NINE HUNDRED SIXTY THOUSAND AND 00/100 DOLLARS</u>** ($960,000.00), with interest thereon to be computed and paid from the date of funding until September 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of September, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$3,000.00** commencing and due and payable on the 1st day of October, 2012 and on the 1st day of each month thereafter to and including September 1, 2015. On September 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

          If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

          Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

          Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

          Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

          It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

-1-

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                           **DOLFINA TAXI INC.**

_____         By: _____
                                                        Symon Garber,
                                                        PRESIDENT, SECRETARY,
                                                        SHAREHOLDER & INDIVIDUAL
                                                        GUARANTOR


STATE OF                          )
COUNTY OF                         )ss.:

On **August 21, 2012** before me personally came Symon Garber to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.

                                        _____
                                        Signature and Office of Individual Taking Acknowledgment

                                        EUGENE F. HABER
                                        Notary Public, State of New York
                                        No. 02HA4503331
                                        Qualified in Nassau County
                                        Commission Expires February 28, 2014

-3-

# EXHIBIT 8

ALLONGE

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated August 21, 2012 executed by Enetochka Taxi Inc. in favor of the Seller in the principal amount of $960,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

"Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated August 21, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

Tri Global Financial Services, Inc.

By:     Capital One Equipment Finance Corp., its
        authorized signatory

By: _____
        Name:  Michael P. Robinson
        Title:  Vice President

Enetochka Taxi Inc. – Allonge

30208581v2

$960,000.00        <u>PROMISSORY NOTE</u>       Medallions: <u>SEE SCHEDULE A</u>
                                                               3688, 2080, 2053, 2027

       FOR VALUE RECEIVED, the undersigned, ENETOCHKA TAXI INC., located at 2617 S. WABASH AVE., CHICAGO IL 60616-0000, promises to pay to the order of Tri **Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of **NINE HUNDRED SIXTY THOUSAND AND 00/100 DOLLARS** ($960,000.00), with interest thereon to be computed and paid from the date of funding until September 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of September, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$3,000.00** commencing and due and payable on the 1st day of October, 2012 and on the 1st day of each month thereafter to and including September 1, 2015. On September 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

       If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

       Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

       Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

       Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

       It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

-1-

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                    ENETOCHKA TAXI INC.


_____          By: _____
                                            Symon Garber,
                                            PRESIDENT, SECRETARY,
                                            SHAREHOLDER & INDIVIDUAL
                                            GUARANTOR


STATE OF                    )
                           )SS.:
COUNTY OF                   )


    On **August 21, 2012** before me personally came Symon Garber to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.


                                    _____
                                    Signature and Office of Individual Taking Acknowledgment

                                    EUGENE F. HABER
                                    Notary Public, State of New York
                                    No. 02HA4503331
                                    Qualified in Nassau County
                                    Commission Expires February 28, 2014

# EXHIBIT 9

## ALLONGE

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated August 30, 2012 executed by Funny Monica In Chicago, Inc. in favor of the Seller in the principal amount of $960,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

> "Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated August 30, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

Tri Global Financial Services, Inc.

By:     Capital One Equipment Finance Corp., its
        authorized signatory

By: _____
        Name:  Michael P. Robinson
        Title:  Vice President

Funny Monica In Chicago, Inc. – Allonge

30208624v2

**$960,000.00**                     PROMISSORY NOTE                 Medallions: SEE SCHEDULE A
                                                                    2278, 5097, 5213, 5743

    **FOR VALUE RECEIVED**, the undersigned, **FUNNY MONICA IN CHICAGO, INC.**, located at 2617 S. WABASH AVE., CHICAGO IL 60616-0000, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of **NINE HUNDRED SIXTY THOUSAND AND 00/100 DOLLARS ($960,000.00)**, with interest thereon to be computed and paid from the date of funding until September 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of September, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$3,000.00** commencing and due and payable on the 1st day of October, 2012 and on the 1st day of each month thereafter to and including September 1, 2015. On September 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

    If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

    Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

    Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

    Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

    It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

-1-

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                   **FUNNY MONICA IN CHICAGO, INC.**

_____          By: _____
                                           Galina Garber-Sheinin,
                                           PRESIDENT, SECRETARY,
                                           SHAREHOLDER & INDIVIDUAL
                                           GUARANTOR

STATE OF NEW YORK        )
                                   )ss.:
COUNTY OF NEW YORK  )

    On **August 30, 2012** before me personally came Galina Garber-Sheinin to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.

                              _____
                              Signature and Office of Individual Taking Acknowledgment
                              DAVID C. HABER
                              Notary Public, State of New York
                              No.02HA6218676
                              Qualified in New York County
                              Commission Expires March 8, 2014

-3-

# EXHIBIT 10

## ALLONGE

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated August 30, 2012 executed by Galina Cab Corp. in favor of the Seller in the principal amount of $1,440,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

> "Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated August 30, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

Tri Global Financial Services, Inc.

By:    Capital One Equipment Finance Corp., its
       authorized signatory

By: _____

        Name: Michael P. Robinson
        Title: Vice President

Galina Cab Corp. – Allonge

30208632v2

**$1,440,000.00**            PROMISSORY NOTE

Medallions: <u>SEE SCHEDULE A</u>
2278, 5097, 5213, 5743, 5747,
5946

    **FOR VALUE RECEIVED**, the undersigned, **GALINA CAB CORP.**, located at 2617 S. WABASH AVE., CHICAGO IL 60616-0000, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of **<u>ONE MILLION FOUR HUNDRED FOURTY THOUSAND AND 00/100 DOLLARS</u>** (**$1,440,000.00**), with interest thereon to be computed and paid from the date of funding until September 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of September, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$4,500.00** commencing and due and payable on the 1st day of October, 2012 and on the 1st day of each month thereafter to and including September 1, 2015. On September 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

    If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

    Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

    Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

    Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

    It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                    **GALINA CAB CORP.**

_____        By: _____
                                            Galina Garber-Sheinin,
                                            PRESIDENT, SECRETARY,
                                            SHAREHOLDER & INDIVIDUAL
                                            GUARANTOR


STATE OF NEW YORK    )
COUNTY OF NEW YORK  )ss.:


    On **August 30, 2012** before me personally came Galina Garber-Sheinin to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.


                                        _____
                                        Signature and Office of Individual Taking Acknowledgment
                                        DAVID C. HABER
                                        Notary Public, State of New York
                                        No.02HA6218876
                                        Qualified in New York County
                                        Commission Expires March 8, 2014

# EXHIBIT 11

## ALLONGE

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated August 28, 2012 executed by Gap Cab Corp. in favor of the Seller in the principal amount of $1,440,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

> "Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated _____ executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

Tri Global Financial Services, Inc.

By:    Capital One Equipment Finance Corp., its
       authorized signatory

By: _____
      Name: Michael P. Robinson
      Title: Vice President

Gap Cab Corp. – Allonge

$1,440,000.00          <u>PROMISSORY NOTE</u>

Medallions: <u>SEE SCHEDULE A</u>
1561, 1650, 2793, 3615, 4933,
1716

     FOR VALUE RECEIVED, the undersigned, **GAP CAB CORP.**, located at 2617 S. WABASH AVE., CHICAGO IL 60616-0000, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of **ONE MILLION FOUR HUNDRED FOURTY THOUSAND AND 00/100 DOLLARS** ($1,440,000.00), with interest thereon to be computed and paid from the date of funding until September 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of September, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of $4,500.00 commencing and due and payable on the 1st day of October, 2012 and on the 1st day of each month thereafter to and including September 1, 2015. On September 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

     If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

     Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

     Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

     Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

     It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

-1-

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                    GAP CAB CORP.


_____            By: _____
                                         Valentina Zubok,
                                         PRESIDENT, SECRETARY,
                                         SHAREHOLDER & INDIVIDUAL
                                         GUARANTOR


STATE OF NEW YORK        )
COUNTY OF NEW YORK       )ss:


On **August 28, 2012** before me personally came Valentina Zubok to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.


                                    _____
                                    Signature and Office of Individual Taking Acknowledgment
                                    EUGENE E. HABER
                                    Notary Public, State of New York
                                    No. 02HA4503331
                                    Qualified in Nassau County
                                    Commission Expires February 28, 2014


-3-

# EXHIBIT 12

*— Copy —*

$1,200,000.00          PROMISSORY NOTE

Medallions: SEE SCHEDULE A
4923, 4935, 4936, 4946, 4949

FOR VALUE RECEIVED, the undersigned, **GREEN TEA CAB CORP.**, located at 2617 S WABASH AVE., CHICAGO, IL 60616, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of **ONE MILLION TWO HUNDRED THOUSAND AND 00/100 DOLLARS** ($1,200,000.00), with interest thereon to be computed and paid from the date of funding until September 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of September, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of $3,750.00 commencing and due and payable on the 1st day of October, 2012 and on the 1st day of each month thereafter to and including September 1, 2015. On September 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

-1-

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                GREEN TEA CAB CORP.

_____         By: _____
                                    Maya Zubok,
                                    PRESIDENT
                                    SHAREHOLDER & INDIVIDUAL
                                    GUARANTOR

STATE OF New York   )
COUNTY OF Kings     ) ss.: 01S16223103

On August 2, 2012 before me personally came Maya Zubok to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.

KEVIN SIROTA
Notary Public - State of New York
No. 01SI6223103
Qualified in Kings County
My Commission Expires June 7, 2014                    _____
                                    Signature and Office of Individual Taking Acknowledgment

-3-

# EXHIBIT 13

<u>ALLONGE</u>

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated August 30, 2012 executed by Jasmin Taxi Inc. in favor of the Seller in the principal amount of $960,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

> "Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated _____ executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

Tri Global Financial Services, Inc.

By:     Capital One Equipment Finance Corp., its
        authorized signatory

By: _____
        Name:  Michael P. Robinson
        Title:  Vice President

Jasmin Taxi Inc. – Allonge

30208685v2

$960,000.00                    PROMISSORY NOTE                   Medallions: SEE SCHEDULE A
                                                                 2969, 2966, 2965, 2963

     **FOR VALUE RECEIVED**, the undersigned, **JASMIN TAXI INC.**, located at 2617 S. WABASH AVE., CHICAGO IL 60616-0000, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of <u>**NINE HUNDRED SIXTY THOUSAND AND 00/100 DOLLARS**</u> (**$960,000.00**), with interest thereon to be computed and paid from the date of funding until September 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of September, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$3,000.00** commencing and due and payable on the 1st day of October, 2012 and on the 1st day of each month thereafter to and including September 1, 2015. On September 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

     If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

     Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

     Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

     Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

     It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                    **JASMIN TAXI INC.**

By: _____
_____      Galina Garber-Sheinin,
                                 PRESIDENT, SECRETARY,
                                 SHAREHOLDER & INDIVIDUAL
                                 GUARANTOR

STATE OF NEW YORK        )
COUNTY OF NEW YORK       )ss.:

On **August 30, 2012** before me personally came Galina Garber-Sheinin to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.

_____
Signature and Office of Individual Taking Acknowledgment
DAVID C. HABER
Notary Public, State of New York
No.02HA6218676
Qualified in New York County
Commission Expires March 8, 2014

-3-

# EXHIBIT 14

<u>ALLONGE</u>

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated July 30, 2012 executed by June Cab Corp. in favor of the Seller in the principal amount of $1,440,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

"Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated July 30, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

<div style="text-align:center">Tri Global Financial Services, Inc.</div>

By: Capital One Equipment Finance Corp., its authorized signatory

By: _____
Name: Michael P. Robinson
Title: Vice President

<div style="text-align:center">June Cab Corp. – Allonge</div>

$1,440,000.00          <u>PROMISSORY NOTE</u>

Medallions: <u>SEE SCHEDULE A</u>
2645, 2775, 3027, 3403, 4439,
5461

FOR VALUE RECEIVED, the undersigned, **JUNE CAB CORP.**, located at 2617 S. Wabash Avenue, Chicago, IL 60616, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of **<u>ONE MILLION FOUR HUNDRED FOURTY THOUSAND AND 00/100 DOLLARS</u> ($1,440,000.00),** with interest thereon to be computed and paid from the date of funding until August 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of August, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$4,500.00** commencing and due and payable on the 1st day of September, 2012 and on the 1st day of each month thereafter to and including August 1, 2015. On August 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

-1-

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                   JUNE CAB CORP.

_____         By: _____
                                          Symon Garber,
                                          PRESIDENT, SECRETARY,
                                          SHAREHOLDER & INDIVIDUAL
                                          GUARANTOR

STATE OF                    )
                           )ss.:
COUNTY OF                  )

On **July 30, 2012** before me personally came Symon Garber to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.

_____
Signature and Office of Individual Taking Acknowledgment
EUGENE F. HABER
Notary Public, State of New York
No. 02HA4503331
Qualified in Nassau County
Commission Expires February 28, 2014

-3-

# EXHIBIT 15

## ALLONGE

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated July 30, 2012 executed by Lucky Four Cab Corp. in favor of the Seller in the principal amount of $960,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

"Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated July 30, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

Tri Global Financial Services, Inc.

By: Capital One Equipment Finance Corp., its authorized signatory

By: _____
Name: Michael P. Robinson
Title: Vice President

Lucky Four Cab Corp. – Allonge

30208749v2

**$960,000.00**                     PROMISSORY NOTE                     Medallions: SEE SCHEDULE A
                                                                       859, 884, 911, 955

      FOR VALUE RECEIVED, the undersigned, **LUCKY FOUR CAB CORP.**, located at 2617 S. Wabash Avenue, Chicago, IL 60616, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of **NINE HUNDRED SIXTY THOUSAND AND 00/100 DOLLARS** ($960,000.00), with interest thereon to be computed and paid from the date of funding until August 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of August, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$3,000.00** commencing and due and payable on the 1st day of September, 2012 and on the 1st day of each month thereafter to and including August 1, 2015. On August 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

      If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

      Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

      Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

      Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

      It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

-2-

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                    **LUCKY FOUR CAB CORP.**

_____        By: _____
                                                Symon Garber,
                                                PRESIDENT, SECRETARY,
                                                SHAREHOLDER & INDIVIDUAL
                                                GUARANTOR


STATE OF NEW YORK        )
COUNTY OF NEW YORK   )SS.:


On **July 30, 2012** before me personally came Symon Garber to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.

_____
Signature and Office of Individual Taking Acknowledgment
EUGENE F. HABER
Notary Public, State of New York
No. 02HA4503331
Qualified in Nassau County
Commission Expires February 28, 2014

-3-

EXHIBIT 16

<u>ALLONGE</u>

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated August 28, 2012 executed by Lucky In Chicago, Inc. in favor of the Seller in the principal amount of $1,200,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. A copy of the original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

> "Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated August 28, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

        Tri Global Financial Services, Inc.


By:    Capital One Equipment Finance Corp., its
       authorized signatory

By: _____
      Name: Michael P. Robinson
      Title: Vice President


Lucky In Chicago, Inc. – Allonge

30208755v3

~ Copy ~

$1,200,000.00                    PROMISSORY NOTE                    Medallions: SEE SCHEDULE A
                                                                    124, 139, 141, 175, 286

FOR VALUE RECEIVED, the undersigned, LUCKY IN CHICAGO, INC., located at 2617 S. WABASH AVE., CHICAGO IL 60616-0000, promises to pay to the order of Tri Global Financial Services, Inc. (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of ONE MILLION TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($1,200,000.00), with interest thereon to be computed and paid from the date of funding until September 1, 2015 (the "Maturity Date"), at the rate of THREE AND THREE QUARTERS (3.75%) percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of September, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of $3,750.00 commencing and due and payable on the 1st day of October, 2012 and on the 1st day of each month thereafter to and including September 1, 2015. On September 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

-1-

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                 LUCKY IN CHICAGO, INC.

                                         By: _____
_____                    Valentina Zubok,
                                             PRESIDENT, SECRETARY,
                                             SHAREHOLDER & INDIVIDUAL
                                             GUARANTOR

STATE OF NEW YORK      )
                       )ss.:
COUNTY OF NEW YORK     )

On August 28, 2012 before me personally came Valentina Zubok to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.

                                         _____
                                         Signature and Office of Individual Taking Acknowledgment:
                                         EUGENE F. HABER
                                         Notary Public, State of New York
                                         No. 02HA4503331
                                         Qualified in Nassau County
                                         Commission Expires February 28, 2014

-3-

# EXHIBIT 17

## ALLONGE

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated August 30, 2012 executed by Magenta Zone Cab Co. in favor of the Seller in the principal amount of $960,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

> "Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated August 30, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

Tri Global Financial Services, Inc.

By:     Capital One Equipment Finance Corp., its
         authorized signatory

By: _____
         Name: Michael P. Robinson
         Title: Vice President

Magenta Zone Cab Co. – Allonge

3020R780v2

$960,000.00        <u>PROMISSORY NOTE</u>        Medallions: <u>SEE SCHEDULE A</u>
                                                                      4071, 4121, 4137, 4286

      FOR VALUE RECEIVED, the undersigned, **MAGENTA ZONE CAB CO.**, located at 2617 S. WABASH AVE., CHICAGO IL 60616-0000, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of **NINE HUNDRED SIXTY THOUSAND AND 00/100 DOLLARS** ($960,000.00), with interest thereon to be computed and paid from the date of funding until September 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of September, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$3,000.00** commencing and due and payable on the 1st day of October, 2012 and on the 1st day of each month thereafter to and including September 1, 2015. On September 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

      If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

      Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

      Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

      Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

      It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

-1-

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                    **MAGENTA ZONE CAB CO.**

_____          By: _____
                                           Galina Garber-Sheinin,
                                           PRESIDENT, SECRETARY,
                                           SHAREHOLDER & INDIVIDUAL
                                           GUARANTOR


STATE OF NEW YORK        )
COUNTY OF NEW YORK     )ss.:

On **August 30, 2012** before me personally came Galina Garber-Sheinin to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.

_____
Signature and Office of Individual Taking Acknowledgment
DAVID C. HABER
Notary Public, State of New York
No.02HA6218676
Qualified in New York County
Commission Expires March 8, 2014

-3-

# EXHIBIT 18

## ALLONGE

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated August 30, 2012 executed by Mauve Zone Cab Co. in favor of the Seller in the principal amount of $1,200,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

>    "Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated August 30, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

                    Tri Global Financial Services, Inc.


          By:    Capital One Equipment Finance Corp., its
                 authorized signatory

          By:    _____
                 Name: Michael P. Robinson
                 Title: Vice President

Mauve Zone Cab Co. – Allonge

30208817v2

**$1,200,000.00**                    <u>PROMISSORY NOTE</u>                    Medallions: <u>SEE SCHEDULE A</u>
                                                                              1945, 4364, 4463, 4475, 4528

    FOR VALUE RECEIVED, the undersigned, **MAUVE ZONE CAB CO.**, located at 2617 S. WABASH AVE., CHICAGO IL 60616-0000, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of <u>**ONE MILLION TWO HUNDRED THOUSAND AND 00/100 DOLLARS**</u> **($1,200,000.00)**, with interest thereon to be computed and paid from the date of funding until September 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of September, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$3,750.00** commencing and due and payable on the 1st day of October, 2012 and on the 1st day of each month thereafter to and including September 1, 2015. On September 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

    If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

    Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

    Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

    Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

    It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                    **MAUVE ZONE CAB CO.**


_____        By: _____
                                         Galina Garber-Sheinin,
                                         PRESIDENT, SECRETARY,
                                         SHAREHOLDER & INDIVIDUAL
                                         GUARANTOR


STATE OF NEW YORK      )
COUNTY OF NEW YORK  )ss.:

On **August 30, 2012** before me personally came Galina Garber-Sheinin to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.


_____
Signature and Office of Individual Taking Acknowledgment
DAVID C. HABER
Notary Public, State of New York
No.02HA6218676
Qualified in New York County
Commission Expires March 8, 2014

-3-

# EXHIBIT 19

<u>ALLONGE</u>

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated August 28, 2012 executed by Misha Cat Cab Corp. in favor of the Seller in the principal amount of $960,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. A copy of the original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

> "Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated _____ executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

Tri Global Financial Services, Inc.

By:     Capital One Equipment Finance Corp., its authorized signatory

By: _____
      Name: Michael P. Robinson
      Title: Vice President

Misha Cat Cab Corp. – Allonge

30208840v3

~ Copy ~

$960,000.00                      <u>PROMISSORY NOTE</u>                  Medallions: <u>SEE SCHEDULE A</u>
                                                                         4769, 4775, 4778, 4782

     FOR VALUE RECEIVED, the undersigned, MISHA CAT CAB CORP., located at 2617 S. WABASH AVE., CHICAGO IL 60616-0000, promises to pay to the order of Tri Global Financial Services, Inc. (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of <u>NINE HUNDRED SIXTY THOUSAND AND 00/100 DOLLARS</u> ($960,000.00), with interest thereon to be computed and paid from the date of funding until September 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of September, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of $3,000.00 commencing and due and payable on the 1st day of October, 2012 and on the 1st day of each month thereafter to and including September 1, 2015. On September 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

     If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

     Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

     Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

     Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

     It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

-1-

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this' Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

-2-

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                        MISHA CAT CAB CORP.

_____                By: _____
                                            Valentina Zubok,
                                            PRESIDENT, SECRETARY,
                                            SHAREHOLDER & INDIVIDUAL
                                            GUARANTOR


STATE OF NEW YORK     )
                      )SS.:
COUNTY OF NEW YORK    )

    On **August 28, 2012** before me personally came Valentina Zubok to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.


                                   _____
                                   Signature and Office of Individual Taking Acknowledgment
                                   EUGENE F. HABER
                                   Notary Public, State of New York
                                   No. 02HA4503331
                                   Qualified in Nassau County
                                   Commission Expires February 28, 2014

-3-

# EXHIBIT 20

<u>ALLONGE</u>

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated August 21, 2012 executed by Monaco Taxi Inc. in favor of the Seller in the principal amount of $1,200,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

> "Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated August 21, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

Tri Global Financial Services, Inc.

By:     Capital One Equipment Finance Corp., its authorized signatory

By: _____
      Name: Michael P. Robinson
      Title: Vice President

Monaco Taxi Inc. – Allonge

30208860v2

$1,200,000.00            <u>PROMISSORY NOTE</u>            Medallions: <u>SEE SCHEDULE A</u>
                                                          4790, 4792, 4798, 4803, 4818

  **FOR VALUE RECEIVED**, the undersigned, **MONACO TAXI INC.**, located at 2617 S. WABASH AVE., CHICAGO IL 60616-0000, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of <u>**ONE MILLION TWO HUNDRED THOUSAND AND 00/100 DOLLARS**</u> ($1,200,000.00), with interest thereon to be computed and paid from the date of funding until September 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of September, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$3,750.00** commencing and due and payable on the 1st day of October, 2012 and on the 1st day of each month thereafter to and including September 1, 2015. On September 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

  If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

  Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

  Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

  Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

  It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

-1-

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                    **MONACO TAXI INC.**

_____           By: _____
                                                    Symon Garber,
                                                    PRESIDENT, SECRETARY,
                                                    SHAREHOLDER & INDIVIDUAL
                                                    GUARANTOR


STATE OF _____          )
COUNTY OF _____        )ss.:

On **August 21, 2012** before me personally came Symon Garber to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.

                                    _____
                                    Signature and Office of Individual Taking Acknowledgment

                                    EUGENE F. HABER
                                    Notary Public, State of New York
                                    No. 02HA4503331
                                    Qualified in Nassau County
                                    Commission Expires February 28, 2014

-3-

# EXHIBIT 21

<u>ALLONGE</u>

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated August 21, 2012 executed by Moneta Taxi Inc. in favor of the Seller in the principal amount of $960,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

> "Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated August 21, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

<div style="margin-left: 40%;">

Tri Global Financial Services, Inc.


By:    Capital One Equipment Finance Corp., its
       authorized signatory


By: _____
      Name:  Michael P. Robinson
      Title:  Vice President

</div>

**$960,000.00**                    PROMISSORY NOTE                    Medallions: <u>SEE SCHEDULE A</u>
1641, 2394, 2968, 3006

FOR VALUE RECEIVED, the undersigned, **MONETA TAXI INC.**, located at 2617 S. WABASH AVE., CHICAGO IL 60616-0000, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of **NINE HUNDRED SIXTY THOUSAND AND 00/100 DOLLARS** ($960,000.00), with interest thereon to be computed and paid from the date of funding until September 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of September, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$3,000.00** commencing and due and payable on the 1st day of October, 2012 and on the 1st day of each month thereafter to and including September 1, 2015. On September 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

-1-

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                    **MONETA TAXI INC.**

_____              By: _____
                                          Symon Garber,
                                          PRESIDENT, SECRETARY,
                                          SHAREHOLDER & INDIVIDUAL
                                          GUARANTOR


STATE OF                    )
COUNTY OF                   )ss.:

On **August 21, 2012** before me personally came Symon Garber to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.

                                    _____
                                    Signature and Office of Individual Taking Acknowledgment
                                    EUGENE F. HABER
                                    Notary Public, State of New York
                                    No. 02HA4503331
                                    Qualified in Nassau County
                                    Commission Expires February 28, 2014

-3-

# EXHIBIT 22

<u>ALLONGE</u>

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated August 30, 2012 executed by Pink Zone Cab Co. in favor of the Seller in the principal amount of $960,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

> "Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated August 30, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

<div style="margin-left:40%">

Tri Global Financial Services, Inc.


By:    Capital One Equipment Finance Corp., its
        authorized signatory


By: _____
       Name: Michael P. Robinson
       Title: Vice President

</div>

Pink Zone Cab Co. – Allonge

**$960,000.00**          <u>PROMISSORY NOTE</u>          Medallions: <u>SEE SCHEDULE A</u>
3745, 3774, 3786, 3840

     FOR VALUE RECEIVED, the undersigned, **PINK ZONE CAB CO.**, located at 2617 S. WABASH AVE., CHICAGO IL 60616-0000, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of **NINE HUNDRED SIXTY THOUSAND AND 00/100 DOLLARS** ($960,000.00), with interest thereon to be computed and paid from the date of funding until September 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of September, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$3,000.00** commencing and due and payable on the 1st day of October, 2012 and on the 1st day of each month thereafter to and including September 1, 2015. On September 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

     If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

     Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

     Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

     Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

     It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                    **PINK ZONE CAB CO.**

_____          By: _____
                                    Galina Garber-Sheinin
                                    PRESIDENT, SECRETARY,
                                    SHAREHOLDER & INDIVIDUAL
                                    GUARANTOR


STATE OF NEW YORK        )
COUNTY OF NEW YORK  )ss.:

On **August 30, 2012** before me personally came Galina Garber-Sheinin to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.

                                    _____
                                    Signature and Office of Individual Taking Acknowledgment
                                    DAVID C. HABER
                                    Notary Public, State of New York
                                    No.02HA6218676
                                    Qualified in New York County
                                    Commission Expires March 8, 2014

-3-

# EXHIBIT 23

<u>ALLONGE</u>

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated August 30, 2012 executed by Pretty Rachel In Chicago, Inc. in favor of the Seller in the principal amount of $960,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

> "Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated August 30, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

Tri Global Financial Services, Inc.

By:   Capital One Equipment Finance Corp., its
      authorized signatory

By: _____
      Name: Michael P. Robinson
      Title: Vice President

Pretty Rachel In Chicago, Inc. – Allonge

30209073v2

$960,000.00             PROMISSORY NOTE             Medallions: <u>SEE SCHEDULE A</u>
                                                    213, 216, 218, 221

      **FOR VALUE RECEIVED**, the undersigned, **PRETTY RACHEL IN CHICAGO, INC.**, located at 2617 S. WABASH AVE., CHICAGO IL 60616-0000, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of **NINE HUNDRED SIXTY THOUSAND AND 00/100 DOLLARS** ($960,000.00), with interest thereon to be computed and paid from the date of funding until September 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of September, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$3,000.00** commencing and due and payable on the 1st day of October, 2012 and on the 1st day of each month thereafter to and including September 1, 2015. On September 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

      If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

      Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

      Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

      Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

      It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

-1-

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                    **PRETTY RACHEL IN CHICAGO, INC.**

_____    By: _____
                                         Galina Garber-Sheinin,
                                         PRESIDENT, SECRETARY,
                                         SHAREHOLDER & INDIVIDUAL
                                         GUARANTOR


STATE OF NEW YORK         )
COUNTY OF NEW YORK  )ss.:


On **August 30, 2012** before me personally came Galina Garber-Sheinin to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.

                              _____
                              Signature and Office of Individual Taking Acknowledgment
                              DAVID C. HABER
                              Notary Public, State of New York
                              No.02HA6218676
                              Qualified in New York County
                              Commission Expires March 8, 2014

-3-

# EXHIBIT 24

ALLONGE

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated August 21, 2012 executed by Princess Taxi Inc. in favor of the Seller in the principal amount of $960,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

"Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated August 21, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

Tri Global Financial Services, Inc.

By:     Capital One Equipment Finance Corp., its
        authorized signatory

By: _____
        Name: Michael P. Robinson
        Title: Vice President

Princess Taxi Inc. – Allonge

30209073v2

$960,000.00         <u>PROMISSORY NOTE</u>         Medallions: <u>SEE SCHEDULE A</u>
                                                                        1207, 1189, 1174, 1169

       **FOR VALUE RECEIVED**, the undersigned, **PRINCESS TAXI INC.**, located at 2617 S. WABASH AVE., CHICAGO IL 60616-0000, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of **NINE HUNDRED SIXTY THOUSAND AND 00/100 DOLLARS** ($960,000.00), with interest thereon to be computed and paid from the date of funding until September 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of September, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$3,000.00** commencing and due and payable on the 1st day of October, 2012 and on the 1st day of each month thereafter to and including September 1, 2015. On September 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

       If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

       Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

       Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

       Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

       It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

-1-

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                    PRINCESS TAXI INC.


_____              By: _____
                                            Symon Garber,
                                            PRESIDENT, SECRETARY,
                                            SHAREHOLDER & INDIVIDUAL
                                            GUARANTOR


STATE OF                    )
                           )ss.:
COUNTY OF                   )

        On **August 21, 2012** before me personally came Symon Garber to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.


                                    _____
                                    Signature and Office of Individual Taking Acknowledgment

                                    EUGENE F. HABER
                                    Notary Public, State of New York
                                    No. 02HA4503331
                                    Qualified in Nassau County
                                    Commission Expires February 28, 2014


-3-

# EXHIBIT 25

## ALLONGE

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated August 30, 2012 executed by Rachel Taxi Inc. in favor of the Seller in the principal amount of $960,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

"Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated August 30, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

Tri Global Financial Services, Inc.

By:     Capital One Equipment Finance Corp., its
        authorized signatory

By: _____
        Name: Michael P. Robinson
        Title: Vice President

Rachel Taxi Inc. – Allonge

30209089v2

**$960,000.00**                    <u>PROMISSORY NOTE</u>                    Medallions: <u>SEE SCHEDULE A</u>
1291, 1273, 1262, 1230

    **FOR VALUE RECEIVED**, the undersigned, **RACHEL TAXI INC.**, located at 2617 S. WABASH AVE., CHICAGO IL 60616-0000, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of **NINE HUNDRED SIXTY THOUSAND AND 00/100 DOLLARS ($960,000.00)**, with interest thereon to be computed and paid from the date of funding until September 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of September, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$3,000.00** commencing and due and payable on the 1st day of October, 2012 and on the 1st day of each month thereafter to and including September 1, 2015. On September 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

    If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

    Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

    Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

    Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

    It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

# REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                         **RACHEL TAXI INC.**

_____        By: _____
                                                 Galina Garber-Sheinin,
                                                 PRESIDENT, SECRETARY,
                                                 SHAREHOLDER & INDIVIDUAL
                                                 GUARANTOR


STATE OF NEW YORK        )
COUNTY OF NEW YORK  )ss.:

On **August 30, 2012** before me personally came Galina Garber-Sheinin to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.

_____
Signature and Office of Individual Taking Acknowledgment
DAVID C. HABER
Notary Public, State of New York
No.02HA6218676
Qualified in New York County
Commission Expires March 8, 2014

-3-

EXHIBIT 26

<u>ALLONGE</u>

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated July 30, 2012 executed by Reservior II Hacking Corp. in favor of the Seller in the principal amount of $1,200,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

"Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated July 30, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

Tri Global Financial Services, Inc.

By:   Capital One Equipment Finance Corp., its authorized signatory

By: _____

Name: Michael P. Robinson
Title: Vice President

Reservior II Hacking Corp. – Allonge

30208276v2

$1,200,000.00        <u>PROMISSORY NOTE</u>        Medallions: <u>SEE SCHEDULE A</u>
                                                                                    1717, 1784, 1805, 1832, 1849

      **FOR VALUE RECEIVED**, the undersigned, **RESERVIOR II HACKING CORP.**, located at 2617 S. Wabash Avenue, Chicago, IL 60616, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of **ONE MILLION TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($1,200,000.00),** with interest thereon to be computed and paid from the date of funding until August 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of August, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$3,750.00** commencing and due and payable on the 1st day of September, 2012 and on the 1st day of each month thereafter to and including August 1, 2015. On August 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

      If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

      Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

      Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

      Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

      It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

-1-

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                          **RESERVIOR II HACKING CORP.**

_____          By: _____
                                     Symon Garber,
                                     PRESIDENT, SECRETARY,
                                     SHAREHOLDER & INDIVIDUAL
                                     GUARANTOR

STATE OF                )
COUNTY OF               )ss.:

On **July 30, 2012** before me personally came Symon Garber to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.

_____
Signature and Office of Individual Taking Acknowledgment
EUGENE F. HABER
Notary Public, State of New York
No. 02HA4503331
Qualified in Nassau County
Commission Expires February 28, 2014

-3-

# EXHIBIT 27

## ALLONGE

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated July 30, 2012 executed by Samuel Taxi Corp. in favor of the Seller in the principal amount of $1,440,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

"Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated July 30, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

Tri Global Financial Services, Inc.

By:     Capital One Equipment Finance Corp., its
        authorized signatory

By: _____
        Name: Michael P. Robinson
        Title: Vice President

Samuel Taxi Corp. – Allonge

30208302v2

$1,440,000.00                    PROMISSORY NOTE

Medallions: <u>SEE SCHEDULE A</u>
1866, 1867, 1870, 1910, 1938,
1951

    FOR VALUE RECEIVED, the undersigned, **SAMUEL TAXI CORP.**, located at 2617 S. Wabash Avenue, Chicago, IL 60616, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of **ONE MILLION FOUR HUNDRED FOURTY THOUSAND AND 00/100 DOLLARS** ($1,440,000.00), with interest thereon to be computed and paid from the date of funding until August 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of August, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$4,500.00** commencing and due and payable on the 1st day of September, 2012 and on the 1st day of each month thereafter to and including August 1, 2015. On August 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

    If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

    Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

    Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

    Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

    It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

-1-

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:

**SAMUEL TAXI CORP.**

By: _____

Symon Garber,
PRESIDENT, SECRETARY,
SHAREHOLDER & INDIVIDUAL
GUARANTOR

STATE OF ⎬
COUNTY OF ⎬ ss.:

On **July 30, 2012** before me personally came Symon Garber to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.

_____
Signature and Office of Individual Taking Acknowledgment
EUGENE F. HABER
Notary Public, State of New York
No. 02HA4503331
Qualified in Nassau County
Commission Expires February 28, 2014

-3-

# EXHIBIT 28

## ALLONGE

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated August 21, 2012 executed by Shaun Jr Taxi Inc. in favor of the Seller in the principal amount of $1,440,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

> "Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated August 21, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

Tri Global Financial Services, Inc.


By:  Capital One Equipment Finance Corp., its authorized signatory

By: _____
Name:  Michael P. Robinson
Title:  Vice President


Shaun Jr Taxi Inc. – Allonge

30208336v2

**$1,440,000.00**          <u>PROMISSORY NOTE</u>                Medallions: <u>SEE SCHEDULE A</u>
5956, 5955, 5953, 2871, 1075,
842

    **FOR VALUE RECEIVED**, the undersigned, **SHAUN JR TAXI INC.**, located at 2617 S. WABASH AVE., CHICAGO IL 60616-0000, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of **ONE MILLION FOUR HUNDRED FOURTY THOUSAND AND 00/100 DOLLARS** ($1,440,000.00), with interest thereon to be computed and paid from the date of funding until September 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of September, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$4,500.00** commencing and due and payable on the 1ˢᵗ day of October, 2012 and on the 1ˢᵗ day of each month thereafter to and including September 1, 2015. On September 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note.  All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

    If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both.  But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof.  Interest shall commence on the date Lender first issues any funds pursuant to this note.

    Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

    Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year.  Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

    Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

    It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                    SHAUN JR TAXI INC.

_____                    By: _____
                                               Symon Garber,
                                               PRESIDENT, SECRETARY,
                                               SHAREHOLDER & INDIVIDUAL
                                               GUARANTOR


STATE OF                )
                        )ss.:
COUNTY OF               )

On **August 21, 2012** before me personally came Symon Garber to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.


_____
Signature and Office of Individual Taking Acknowledgment
EUGENE F. HABER
Notary Public, State of New York
No. 02HA4503331
Qualified in Nassau County
Commission Expires February 28, 2014

-3-

# EXHIBIT 29

## ALLONGE

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated July 30, 2012 executed by Siro, Inc. in favor of the Seller in the principal amount of $2,880,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

> "Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated July 30, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated: January 24, 2017

Tri Global Financial Services, Inc.

By: Capital One Equipment Finance Corp., its authorized signatory

By: _____

Name: Michael P. Robinson
Title: Vice President

Siro, Inc. – Allonge

30208469v2

$2,880,000.00                          PROMISSORY NOTE

Medallions: SEE SCHEDULE A
4764, 4114, 6318, 2273, 1793,
1491, 1275, 1164, 915, 6230,
6122, 5625

     **FOR VALUE RECEIVED**, the undersigned, **SIRO, INC.**, located at 2617 S. Wabash Avenue, Chicago, IL 60616, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of **TWO MILLION EIGHT HUNDRED EIGHTY THOUSAND AND 00/100 DOLLARS** (**$2,880,000.00**), with interest thereon to be computed and paid from the date of funding until August 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of August, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$9,000.00** commencing and due and payable on the 1st day of September, 2012 and on the 1st day of each month thereafter to and including August 1, 2015. On August 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

     If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

     Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

     Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

     Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

     It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

-1-

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                SIRO, INC.


_____        By: _____
                                        Symon Garber,
                                        PRESIDENT, SECRETARY,
                                        SHAREHOLDER & INDIVIDUAL
                                        GUARANTOR


STATE OF NEW YORK      )
COUNTY OF NEW YORK   )ss.:


On **July 30, 2012** before me personally came Symon Garber to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.


                                   _____
                                   Signature and Office of Individual Taking Acknowledgment
                                   EUGENE F. HABER
                                   Notary Public, State of New York
                                   No. 02HA4503331
                                   Qualified in Nassau County
                                   Commission Expires February 28, 2014


-3-

# EXHIBIT 30

## ALLONGE

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated July 30, 2012 executed by SLS Jet Cab Corp. in favor of the Seller in the principal amount of $1,440,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. The original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

"Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated July 30, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated:  January 24, 2017

Tri Global Financial Services, Inc.

By:     Capital One Equipment Finance Corp., its
        authorized signatory

By:  _____
        Name:  Michael P. Robinson
        Title:  Vice President

SLS Jet Cab Corp. – Allonge

30208490v2

$1,440,000.00          <u>PROMISSORY NOTE</u>

Medallions: <u>SEE SCHEDULE A</u>
3421, 4029, 4537, 4656, 4705, 2276

FOR VALUE RECEIVED, the undersigned, **SLS JET CAB CORP.**, located at 2617 S. Wabash Avenue, Chicago, IL 60616, promises to pay to the order of **Tri Global Financial Services, Inc.** (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of **ONE MILLION FOUR HUNDRED FOURTY THOUSAND AND 00/100 DOLLARS** ($1,440,000.00), with interest thereon to be computed and paid from the date of funding until August 1, 2015 (the "Maturity Date"), at the rate of **THREE AND THREE QUARTERS (3.75%)** percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of August, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of **$4,500.00** commencing and due and payable on the 1st day of September, 2012 and on the 1st day of each month thereafter to and including August 1, 2015. On August 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

-1-

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                              **SLS JET CAB CORP.**

_____                  By: _____
                                                         Symon Garber,
                                                         PRESIDENT, SECRETARY,
                                                         SHAREHOLDER & INDIVIDUAL
                                                         GUARANTOR


STATE OF NEW YORK        )
COUNTY OF NEW YORK   )ss.:


On **July 30, 2012** before me personally came Symon Garber to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.


                                         _____
                                         Signature and Office of Individual Taking Acknowledgment
                                         EUGENE F. HABER
                                         Notary Public, State of New York
                                         No. 02HA4503331
                                         Qualified in Nassau County
                                         Commission Expires February 28, 2014


-3-

# EXHIBIT 31

## ALLONGE

Pursuant to this ALLONGE ("Allonge"), Tri Global Financial Services, Inc. (the "Seller"), hereby assigns and indorses to Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.) all of the Seller's right title and interest in and to the Promissory Note (the "Note") dated August 28, 2012 executed by Valex Cab Corp. in favor of the Seller in the principal amount of $1,440,000.00. Capitalized terms not otherwise defined in this Allonge shall have the meanings given to them in the Master Joint Participation Agreement ("MJPA") between the parties dated August 2, 2010. A copy of the original Note is attached to this Allonge and is made a part hereof.

The Note is hereby indorsed as follows:

"Pay to the order of Capital One Taxi Medallion Finance (a trade name of Capital One Equipment Finance Corp.), with all the recourse, warranties and representations set forth in the MJPA and Assignment & Transfer document dated August 28, 2012 executed by the Seller in connection with the loan evidenced by the Note."

The foregoing indorsement shall have the same effect as though it were written directly on the Note.

Dated:  January 24, 2017

Tri Global Financial Services, Inc.

By:    Capital One Equipment Finance Corp., its
       authorized signatory

By:    _____
       Name:  Michael P. Robinson
       Title:  Vice President

Valex Cab Corp. – Allonge

30208495v2

*COPY*

$1,440,000.00                    PROMISSORY NOTE

Medallions: SEE SCHEDULE A
2149, 1970, 622, 1952, 1653,
886

FOR VALUE RECEIVED, the undersigned, VALEX CAB CORP., located at 2617 S. WABASH AVE., CHICAGO IL 60616-0000, promises to pay to the order of Tri Global Financial Services, Inc. (the "Lender"), in lawful money of the United States, at 2617 S. Wabash Ave., Chicago, Illinois 60616, or at such other place as may be designated in writing by the holder of this Note, the principal sum of ONE MILLION FOUR HUNDRED FOURTY THOUSAND AND 00/100 DOLLARS ($1,440,000.00), with interest thereon to be computed and paid from the date of funding until September 1, 2015 (the "Maturity Date"), at the rate of THREE AND THREE QUARTERS (3.75%) percent per annum except as set forth below. From the date of funding, interest only shall be due and payable on the 1st day of September, 2012. Thereafter, payments of interest shall be paid in constant monthly installments of $4,500.00 commencing and due and payable on the 1st day of October, 2012 and on the 1st day of each month thereafter to and including September 1, 2015. On September 1, 2015, there shall be a balloon payment of the unpaid principal balance of the note, plus any accrued interest thereon, provided all the monthly payments have been duly paid on their scheduled due dates in accordance with the term of this note. All payments, including but not limited to, MONTHLY installment payments, shall be applied first to any charges, fees, costs or expenses incurred, then to interest, and then to the outstanding principal.

If the execution of this note and the disbursement of funds therefrom do not occur simultaneously, then Lender may elect, in its sole untrammeled discretion, to extend: (1) the initial date upon which interest begins to accrue, or (2) the date upon which the loan ultimately matures, or both. But such extension will in no event exceed the number of days which elapsed between execution and initial disbursement of the loan proceeds or any portion thereof. Interest shall commence on the date Lender first issues any funds pursuant to this note.

Notwithstanding the foregoing, if (i) there shall occur an "Event of Default" under the Security Agreement described below (as such term is defined in the Security Agreement) or (ii) the Maturity Date shall occur, or (iii) any sum shall not be paid when it is due hereunder, then from and after any such occurrence or nonpayment the undersigned shall pay interest to the Lender, on demand, on the entire principal amount then outstanding hereunder and/or under the Security Agreement at the highest rate permitted by law.

Interest shall be computed on the basis of a twelve (12) thirty (30) day months in a 360 day year. Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

Under no circumstances shall the undersigned be charged more than the highest rate of interest which lawfully may be charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby.

It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance thereof.

-1-

In the event that any payment due hereunder shall not be received by the Lender within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender.

This Note is a promissory note and is secured by a Security Agreement of even date herewith between the undersigned and the Lender (the "Security Agreement") affecting property more particularly described therein, and all of the covenants, conditions and agreements contained in the Security Agreement are by this reference incorporated herein and made a part hereof. At the option of the holder of this Note and upon the terms and conditions provided in the Security Agreement, upon (a) a default in making any payment of interest hereunder when due and payable, and such default continuing beyond the applicable grace period, if any, or (b) the occurrence of an Event of Default (as such term is defined in the Security Agreement), the unpaid principal balance hereof and all accrued interest shall become immediately due and payable. In enforcing its rights under this Note and under such Security Agreement and other instruments delivered in connection with the loan represented hereby, the holder shall have the right and option to pursue its remedies with respect to this Note or to enforce the provisions of the Security Agreement or such other instruments, or any combination thereof, and either simultaneously or in such order as the holder shall deem in its best interest.

The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of principal and/or interest thereon, is not paid when due, or in case it becomes necessary to protect the security for the indebtedness evidenced hereby, whether suit be brought or not.

Presentment for payment, notice of dishonor, protest, notice of protest, and trial by jury are hereby waived. This Note may be prepaid in whole or in part, at any time upon at least thirty (30) days' notice, provided that all accrued interest has been paid to the date of such prepayment and further provided that, in the event the loan is repaid, the undersigned pay to the Lender a prepayment fee equal to an additional ninety (90) days' interest at the rate herein set forth on the amount of the principal being repaid. If this Note is prepaid in part, then any such payments shall be applied against the payments due hereunder in inverse order of maturity.

Any payment of the principal balance of this Note after the Lender shall have declared the unpaid principal balance hereof and all accrued interest immediately due and payable in accordance with the provisions of this Note or the Security Agreement shall be deemed to be a voluntary prepayment for all purposes hereof, and a prepayment fee calculated pursuant to the provisions of the immediately preceding paragraph shall be payable with respect thereto.

## REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

This Note shall be governed by and interpreted in accordance with the laws of the State of Illinois.

WITNESS:                                    **VALEX CAB CORP.**

                                            By: _____
_____               Valentina Zubok,
                                                 PRESIDENT, SECRETARY,
                                                 SHAREHOLDER & INDIVIDUAL
                                                 GUARANTOR


STATE OF NEW YORK      )
                       )ss:
COUNTY OF NEW YORK     )

On **August 28, 2012** before me personally came Valentina Zubok to me known and known to be the individual(s) described in and who executed the within instrument, and he/she thereupon acknowledged that he/she executed the same.

                              _____
                              Signature and Office of Individual Taking Acknowledgment
                              EUGENE F. HABER
                              Notary Public, State of New York
                              No. 02HA4503331
                              Qualified in Nassau County
                              Commission Expires February 28, 2014

-3-